UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LLOYD JAY ROSS**                                                                                   **CIVIL ACTION**

**VERSUS**                                                                                                      **NO. 22-3974**

**TERREBONNE PARISH SHERIFF'S OFFICE, ET AL.**                      **SECTION: "H"(5)**


**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Lloyd Jay Ross, a pretrial detainee housed at the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. Prior to his arrest, on June 6, 2022, he lived at an apartment complex in Houma. He filed this lawsuit against defendants, the Terrebonne Parish Sheriff's Office; the Terrebonne Parish Criminal Justice Complex; his former landlord, Joey Bailey; and several former roommates, Prince Freeman, Nathan Voclaire, and Regena Dawson,[1] alleging that while he was away from his apartment, on or about May 27, 2022, someone stole his government checks from his mailbox and negotiated them without his permission. He reported it to the Terrebonne Parish Sheriff's Office, but they told him that it was a civil matter. He requests monetary compensation.

A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A, 42 U.S.C. §1997e(c).

---

[1] The defendant, Regena Dawson, is identified elsewhere in the complaint (under parties) as "Regan" Dawson. Rec. doc. 1, p. 4.

Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous and for failing to state a claim upon which relief can be granted.

Ross names the Terrebonne Parish Sheriff's Office as a defendant in this case. Presumably, he complains about their inaction and failure to assist him when he tried to report his roommates' mail theft and fraud associated with his personal checks. "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Francis v. Terrebonne Parish Sheriff's Office*, Civ. Action No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-Pres. Govt.*, 279 F.3d 273, 283 (5th Cir. 2002); *Williamson v. Louisiana*, Civ. Action No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Par. Sheriff Dep't*, Civ. Action No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001); and *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988)). The Sheriff's Office is not a "person" for purposes of § 1983 liability. *Calhoun v. Sanderson*, Civ. Action No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003); *Creppel v. Miller*, Civ. Action No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993). Because the Terrebonne Parish Sheriff's Office is not a person or suable entity for purposes of liability under § 1983, Ross' claims against it must be dismissed as frivolous, and otherwise for failure to state a claim upon which relief can be granted.

Next, Ross names the prison, Terrebonne Parish Criminal Justice Complex, as a defendant. He does not allege how the jail facility could be involved in a seemingly distinct incident, which occurred well before his incarceration and at a private residence where Ross once lived. Nonetheless, it is well-settled that "[t]he [prison] is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Mitchell v. Jefferson Parish Correctional Center*, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); accord *Culbertson v. J.P.S.O.*, Civ. Action No. 16-15958, 2017 WL 5133209, at *3 (E.D. La. Nov. 6, 2017) (citing *Stamps v. Jefferson Parish Correctional Center*, Civ. Action No. 12-1767, 2012 WL 3026808, at *2 (E.D. La. July 12, 2012), *adopted*, 2012 WL 3027945 (E.D. La. July 24, 2012); *Castellanos v. Jefferson Parish Correctional Center*, Civ. Action No. 07-7796, 2008 WL 3975606, at *5 (E.D. La. Aug. 22, 2008)). Any claims asserted against the Terrebonne Parish Criminal Justice Complex should be dismissed as frivolous.

Finally, Ross names as defendants several of his former roommates, whom he accused of stealing his checks, and the landlord, who evidently did nothing about the situation. To state a claim under Section 1983, the alleged constitutional violation must be committed by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Polk County v. Dodson*, 454 U.S. 312, 326 (1981). "[T]he under-color-of-state-law element of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Thus, generally, a private individual does not act under color of state law and is not a state actor for purposes of liability under Section

1983. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) ("Private individuals generally are not considered to act under color of law, i.e., are not considered state actors ..."); *Pleasant v. Caraway*, 25 F.3d 1044, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) (Table, Text in Westlaw) (same). Thus, Ross' claims against these defendants should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Ross' complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this  9th  day of  November , 2022.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.